IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANET PELMORE, and CARRIE PELMORE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:12-cv-00014 ) Chief Judge Haynes ) |
| BANK OF AMERICAN, N.A., BAC HOME LOANS SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONWIDE TRUSTEE SERVICES; and ARNOLD M. WEISS | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiffs, Janet Pelmore and Carrie Pelmore, Tennessee citizens, filed this action under 28 U.S.C. § 1331 against Defendants: Bank of America, N. A., BAC Home Loans Servicing LP, Federal National Mortgage Association, Nationwide Trustee Services, and Arnold M. Weiss, a Tennessee corporation. Plaintiffs's claims are that Defendants: breached the notice provisions under a deed of trust; Defendants violated Tenn. Code Ann. § 35-5-117; and violated Plaintiffs' Fourteenth Amendment right to due process. Plaintiffs seek temporary and permanent injunctive relief as well as damages.

Before the Court is Defendants' motion to dismiss (Docket Entry No. 26), contending, in

1

sum: (1) that the Court should abstain from hearing Plaintiffs' complaint under the Younger[1] doctrine because exercising federal jurisdiction over this action would disrupt federal and state comity; (2) that the Court should abstain from hearing Plaintiffs's complaint under the Colorado River[2] doctrine to save judicial resources because there is a concurrent state court proceeding; (3) that Plaintiffs' complaint fails to meet the pleading standards under Fed. R. Civ. P. 8(a); and (4) that Plaintiffs fail to state any claim against the Defendants. In response, Plaintiffs assert that it is proper for the Court to hear the claims made in this action because those claims are not before the state court and that Plaintiffs' complaint does state multiple claims for relief. (Docket Entry No. 28).

## A. Analysis of Plaintiffs' Complaint

According to Plaintiff's complaint, on December 5, 2003, William Pelmore acquired the property located at 601 Sitting Mill Court, Nashville, Tenneessee by warranty deed. (Docket Entry No. 1, Plaintiffs' Complaint at ¶ 10 and Exhibit 3 thereto). On December 18, 2003, William Pelmore and his wife, Carrie Pelmore secured a note on the Sitting Mill property by granting a security interest in the Sitting Mill property to Countrywide Home Loans, Inc. Id. at ¶ 11 and Exhibit 4 thereto. The Pelmores also executed a deed of trust that provides in pertinent part:

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; ( c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of

---

[1]Younger v. Harris, 401 U.S. 592 (1975).

[2]Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).

> Borrrower to acceleration and sale. If the default is not cured on or before the date specified by the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke th epower of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies providing in this Section 22, including, but not limited to reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner providing by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15. Trustee, without demand on Borrow, shall sell the Property at public action to the highest bidder at the time and under the terms designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

Id. at Exhibit 4 thereto.

On January 17, 2006, William Pelmore conveyed his interest in 601 Sitting Mill Court to William Pelmore and Janet Pelmore as joint tenants with rights of survivorship. Id. at ¶ 12 and Exhibit 5 thereto. Janet Pelmore has the power of attorney for William Pelmore. Id. at Exhibit 1 thereto. William Pelmore died leaving Janet Pelmore as surviving tenant and owner of 601 Sitting Mill Court. Id. at ¶ 13.

Defendant Bank of America was successor to the Pelmore's deed of trust. Id. at ¶ 15 and Exhibit F thereto. Defendant Bank of America purchased the property located at 601 Sitting Mill Court, Nashville, Tennessee at a public auction, a nonjudicial foreclosure proceeding, for the sum of $200,000.00. Id. at ¶ 16. Defendant Bank of America assigned its interest in the Sitting Mill property to Defendant Federal National Mortgage Association. Id. at ¶ 17. Plaintiff's complaint alleges that neither Janet Pelmore nor Carrie Pelmore had any notice, actual or otherwise, of the acceleration of the note secured by the Pelmore deed of trust or of the foreclosure proceeding. Id. at ¶¶ 19, 21.

## B. Conclusions of Law

As a threshold matter, Defendants contend that the Court should abstain from hearing Plaintiffs' complaint because of the ongoing state judicial proceedings involving both parties. Defendants assert that the Court should abstain under the Younger doctrine because the state court detainer action is pending, Tennessee has an interest in resolving disputes involving property, and the state general sessions court has jurisdiction to hear Plaintiffs' claims. (Docket Entry No. 27 at 4-6). Defendants also contend that the Court should abstain under the Colorado River doctrine to "avoid[] piecemeal litigation" of parallel litigation when the Plaintiffs' complaint "primarily asserts state law wrongful foreclosure claims" and the state court has jurisdiction to hear the claims. Id. at 6-9.

The doctrine of abstention arose from the principles of federalism and comity, Quackenbush v. Allstate, Ins. Co., 517 U.S. 706, 728 (1996), and is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy that is properly before it." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976); see also Chellman-Shelton v. Glenn, 197 Fed. Appx. 392, 393-94 (6th Cir. 2006).

> Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independent of state action,' that the State's interests are paramount and that a dispute would best be adjudicated in a state forum.

Quackenbush, 517 U.S. at 728.

In Younger v. Harris, 401 U.S. 592 (1975), the Supreme Court has held that federal courts should abstain from issuing injunctions that serve to interfere with state civil proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 604-05 (1975) (expanding Younger to civil proceedings). For the

4

Younger abstention doctrine to apply, there must be: (1) ongoing state judicial proceedings; (2) the state judicial proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 332 (6th Cir. 2007). In some instances, under Younger abstention, the district court should stay rather than dismiss the action. See Ken-N.K., Inc. v. Vernon Twp., 18 Fed. Appx. 319, 325 (6th Cir. 2001).

Here, the first requirement is met, as the state court detainer action is pending in the General Session Court for Davidson County, Tennessee. (Docket Entry No. 27 at 5). As to the second requirement, Tennessee does have an interest in adjudicating property disputes. See Presbyterian Church in U.S. v. Mary Elizabeth Hull Mem. Presbyterian Church, 393 U.S. 440, 445 (1969) ("It is of course true that the State has a legitimate interest in resolving property disputes, and that a civil court is a proper forum for that resolution."). Defendants cite the District of Delaware and the District of Hawaii decisions applying the Younger abstention doctrine in property disputes. See e.g., Johnson v. Plymouth Park Tax Servs. LLC, 2010 U.S. Dist. LEXIS 67844, *6-7 (D. Del. July 8, 2010) ("As the state in which the subject property is situated, Ohio has an important interest in resolving real estate issues impacting the property, and a ruling in the Ohio courts implicates the important interest of preserving the state's judicial system.") and Prindable v. Ass'n of Apt. Owners of 2987 Kalakauna, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (precluding injunctive relief because pending state court action concerned important state law question of title to property). Thus, the Court concludes that Tennessee has an important state interest in resolving the property dispute in this action.

As to the third requirement, the Plaintiffs in this action are able to raise any constitutional

5

challenges as a defense to the detainer action pending against them in state court. In American Family, the Sixth Circuit affirmed an order of dismissal on Younger abstention grounds where the Plaintiff had an opportunity to present its federal law defenses in state court. 498 F.3d at 335. See also Crawley v. Hamilton County Com'rs, 744 F.2d 28, 30 (6th Cir. 1984) (suggesting that the abstention doctrine may apply when the federal plaintiffs use the federal action as a shield against the state court enforcement efforts where the plaintiff could raise constitutional claims).

Accordingly, the Court concludes that the Younger abstention doctrine applies to preclude the Court from considering Plaintiffs' complaint. Thus, the Court need not decide whether the Colorado River doctrine applies nor consider the merits of Plaintiffs' claims.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court